# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ELIZABETH D. BUDD
REVOCABLE TRUST,

    Plaintiff,

v.

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,

    Defendant.

Civil Action No.:

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, ELIZABETH D. BUDD REVOCABLE TRUST, by and through its undersigned counsel, and hereby submit this its Complaint against Defendant, MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, and in support of its Complaint, allege and aver as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking economic and non-economic damages arising from Defendant's breach of contract, bad faith conduct, unreasonable delay, and unreasonable denial in the payment of covered benefits due and owing under Plaintiff's first-party insurance contract.

### PARTIES

2. Plaintiff, Elizabeth D. Budd Revocable Trust ("Plaintiff") is a trust created by and pursuant to the laws of the State of Colorado.

3. Defendant, Mesa Underwriters Specialty Insurance Company ("Mesa Insurance Company Insurance Company"), is a mutual insurance company organized and existing under the laws of the state of Arizona and is licensed to do and doing business in the state of Colorado.

## JURISDICTION AND VENUE

4. This court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property which is the subject of the claim and the adjustment of the claim occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff purchased a Commercial Property Coverage Policy of insurance from Defendant under Policy Number MP0102007000007 (the "Policy"). A copy of the Policy has been attached hereto as **Exhibit "A."**

6. The Policy provided coverage a number of properties, eight of which are the subject of this action (collectively the "Property"):

- Location One – 3730-3734 Yukon Court, Wheat Ridge, Colorado, 80033
- Location Two – 5493-5499 Pecos Street, Denver, Colorado, 80221
- Location Three – 2630-3636 Eaton Street, Wheat Ridge, Colorado, 80033
- Location Four – 5461-5671 West 26th Avenue, Denver, Colorado, 80214
- Location Five – 4571-4575 Everett Court, Wheat Ridge, Colorado, 80033
- Location Six – 4577-4581 Everett Court, Wheat Ridge, Colorado, 80033
- Location Seven – 11671-11673 West 44th Avenue, Wheat Ridge, Colorado, 80033
- Location Eight – 11681-11683 West 44th Avenue, Wheat Ridge, Colorado, 80033

7. The Policy is an all risk policy of insurance.

8. The Policy is a replacement cost value policy and covers loss to Plaintiff's Property.

9. The Policy provides coverage for direct physical loss and/or damage to covered property at the premises caused by or resulting from any covered cause of loss.

10. The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

11. The Policy does not include a cosmetic exclusion or cosmetic endorsement.

12. Under the Policy, Mesa Insurance Company is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

13. Under the Policy, Mesa Insurance Company agreed to adjust all losses with its insured fairly and timely.

14. Plaintiff paid the premiums due under the Policy in a timely manner.

15. Plaintiff performed all duties and responsibilities required of it under the Policy.

16. On or about May 8, 2017, during the Policy period, Plaintiff suffered direct physical loss and/or damage at the Property resulting from hail and/or wind.

17. The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

18. The direct physical loss and/or damage resulting from the hail and/or wind prevented the roofing system covering the Property from continuing to function as a barrier to entrance of the elements to the same extent as it did before the hail damage occurred.

19. The direct physical loss and/or damage resulting from the hail and/or wind has diminished the long-term service life of the roofing system covering the Property.

20. Plaintiff timely reported the covered loss and damage to Mesa Insurance Company, and made a claim for the loss and damage to the Property.

21. Mesa Insurance Company assigned Claim Number 124367-01 to the Property loss.

22. Mesa Insurance Company retained an independent adjusting firm, Team One Adjusting Services ("Team One"), to assist in the investigation of damages resulting from the hail and wind storm occurring on or about May 8, 2017.

23. On or about May 17, 2017, Team One performed a site inspection of the Property.

24. On or about May 25, 2017, Team One provided Mesa Insurance Company with an estimate which outlined $116,000.76 in replacement cost value damages and $89,717.26 in actual cash value covered damages to the Property. A copy of Team One's Damage Estimate is attached hereto as **Exhibit "B."**

25. On or about July 28, 2017, Mesa Insurance Company provided Plaintiff with a copy of Team One's Damage Estimate.

26. On or about July 28, 2017, Mesa Insurance Company issued a check to Plaintiff in the amount of $56,870.32.

27. In adopting Team One's Damage Estimate, Mesa Insurance Company overlooked covered damages to the Property.

28. In adopting Team One's Damage Estimate, Mesa Insurance Company excluded general contractor overhead and profit.

29. Mesa Insurance Company's failure to provide general contractor overhead and profit for all repairs within its first damage estimate resulted in the delay and denial of covered benefits to Plaintiff without a reasonable basis.

30. In adopting Team One's Damage Estimate, Mesa Insurance Company did not include any damages for Location Seven or Location Eight.

31. Mesa Insurance Company's failure to provide damages for Location Seven and Location Eight within its first damage estimate resulted in the delay and denial of covered benefits to Plaintiff without a reasonable basis.

32. On or about October 20, 2017, Mesa Insurance Company retained American Technologies, Inc. ("ATI"), to assist in the investigation and creation of an estimate for damages resulting from a hail and wind storm occurring on or about May 8, 2017.

33. On or about November 1, 2017, Mesa Insurance Company's representative, ATI, performed a site inspection of the Property.

34. On or about December 7, 2017, Mesa Insurance Company provided Plaintiff with its second damage estimate which outlined $265,139.51 in replacement cost value damages to the Property. A copy of Mesa Insurance Company's Second Damage Estimate is attached hereto as **Exhibit "C."**

35. Mesa Insurance Company's Second Estimate included an additional $149,138.75 in covered damages that were not provided in Mesa Insurance Company's First Damage Estimate.

36. Mesa Insurance Company's failure to include $149,138.75 in covered damages within its First Damage Estimate that were subsequently identified in its Second Damage Estimate resulted in the delay of payment of $149,138.75 in covered benefits without a reasonable basis.

37. On or about December 7, 2017, Mesa Insurance Company issued a second actual cash value check to Plaintiff in the amount of $89,811.17.

38. Shortly thereafter, Plaintiff retained Midwestern Public Adjusters, LLC ("Midwestern") a Colorado state licensed public adjusting firm, to assist in the adjustment of the claim for direct physical loss and damage to the Property resulting from a hail and/or wind storm occurring on or about May 8, 2017.

39. On or about April 16, 2018, Plaintiff's representative, Midwestern, provided Mesa Insurance Company with a comprehensive damage estimate outlining $477,387.19 in replacement cost value covered damages to the Property. A copy of Plaintiff's Damage Estimate is attached hereto as **Exhibit "D."**

40. On or about April 26, 2018, Mesa Insurance Company provided Plaintiff with its third damage estimate which outlined $279,983.09 in replacement cost value damages to the Property. A copy of Mesa Insurance Company's Third Damage Estimate is attached hereto as **Exhibit "E."**

41. Mesa Insurance Company's Third Damage Estimate included an additional $14,843.58 in covered damages that were not provided in Mesa Insurance Company's First or Second Damage Estimates.

42. Mesa Insurance Company's failure to include $14,843.58 in covered damages within its First or Second Damage Estimates that were subsequently identified in its Third Damage Estimate resulted in the delay of payment of $14,843.58 in covered benefits without a reasonable basis.

43. On or about May 18, 2018, Mesa Insurance Company provided Plaintiff with its fourth damage estimate which outlined $280,066.14 in replacement cost value damages to the Property. A copy of Mesa Insurance Company's Fourth Damage Estimate is attached hereto as **Exhibit "F."**

44. Mesa Insurance Company's Fourth Damage Estimate included an additional $83.05 in covered damages that were not provided in Mesa Insurance Company's First, Second, or Third Damage Estimates.

45. Mesa Insurance Company's failure to include $83.05 in covered damages within its First, Second, or Third Damage Estimates that were subsequently identified in its Fourth Damage Estimate resulted in the delay of payment of $83.05 in covered benefits without a reasonable basis.

46. Mesa Insurance Company's failure to pay the claim in full has resulted in a breach of contract.

47. Mesa Insurance Company's failure to pay the claim in full has resulted in an unreasonable delay and denial in covered benefits without a reasonable basis.

48. Mesa Insurance Company's failure to pay the claim in full has resulted in financial hardship to Plaintiff.

49. It is apparent from Mesa Insurance Company's conduct that Massachusetts Bay has adopted a plan or approach to delay, as much as possible, its handling and payment of the claim.

50. Plaintiff has fulfilled all duties required of it under the Policy after discovery of the loss.

51. Plaintiff has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Mesa Insurance Company.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

52. Plaintiff realleges and reaffirms Paragraphs 1-51 as if fully set forth herein.

53. Plaintiff purchased an all risk policy requiring Mesa Insurance Company to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

54. The Policy between Plaintiff and Mesa Insurance Company is a binding contract.

55. Plaintiff paid premiums and otherwise performed all conditions precedent to recovery of benefits under its Policy with Mesa Insurance Company.

56. Mesa Insurance Company has denied certain covered damages and continues to delay and deny certain claimed damages.

57. Mesa Insurance Company's failure to honor its obligations under the Policy is a breach of contract.

58. Mesa Insurance Company's breach of contract has resulted, and continues to result, in damages to the Property.

59. Plaintiff is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Elizabeth D. Budd Revocable Trust, respectfully requests this Court enter judgment against, Defendant, Mesa Underwriters Specialty Insurance Company, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Bad Faith Breach of Insurance Contract)**

60. Plaintiff realleges and reaffirms Paragraphs 1-59 as if fully set forth herein.

61. Under the Policy and Colorado law, Mesa Insurance Company has a duty to act reasonably and in good faith in the handling of Plaintiff's claim.

62. Under the Policy and Colorado law, Mesa Insurance Company has a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Plaintiff and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

63. Under the Policy and Colorado law, Mesa Insurance Company owes Plaintiff a duty of good faith and fair dealing.

64. At all times material hereto, Mesa Insurance Company has the non-delegable duty to investigate Plaintiff's claim objectively and not to look for ways to deny benefits or attempt to not pay the full amount owed.

65. At all times material hereto, Mesa Insurance Company owed Plaintiff the duty to give equal consideration to the financial interests of Plaintiff, and not to give greater consideration to its own financial interests while investigating and adjusting Plaintiff's claim.

66. At all times material hereto, Mesa Insurance Company had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

67. Mesa Insurance Company sold Plaintiff the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

68. Mesa Insurance Company knew that Plaintiff purchased the Policy to protect its Property in the event of a loss.

69. Plaintiff has cooperated, and continues to cooperate, with Mesa Insurance Company in the processing of its claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

70. Plaintiff has cooperated, and continues to cooperate, with Mesa Insurance Company in the investigation of its claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

71. Plaintiff has not erected any obstacles to Mesa Insurance Company's ability to investigate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

72. Plaintiff has not erected any obstacles to Mesa Insurance Company's ability to evaluate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

73. Mesa Insurance Company disregarded the validity of Plaintiff's claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2017.

74. Mesa Insurance Company failed to treat Plaintiff's interests with equal regard to its own.

75. Mesa Insurance Company mischaracterized the evidence to the benefit of itself.

76. Mesa Insurance Company failed to be open and honest in its dealings with Plaintiff.

77. Mesa Insurance Company failed to conduct a full, fair, and prompt investigation of the claim.

78. Mesa Insurance Company denied Plaintiff's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

79. Mesa Insurance Company denied Plaintiff's claim by failing to objectively evaluate Plaintiff's claim based on all available evidence, and not just evidence which Mesa Insurance Company believes supports its position.

80. Mesa Insurance Company decision to underpay the benefits owed to Plaintiff was intentional and not accidental.

81. Mesa Insurance Company failed to assist Plaintiff with the presentation of its claim.

82. Mesa Insurance Company breached its duty to act reasonably and in good faith by failing to conduct a proper investigation of the loss.

83. Mesa Insurance Company breached its duty to act reasonably and in good faith by conducting an outcome oriented investigation of Plaintiff's loss.

84. Mesa Insurance Company breached its duty to act reasonably and in good faith by underpaying Plaintiff's claim without having documented a reasonable investigation based upon all information.

85. Mesa Insurance Company breached its duty to act reasonably and in good faith by failing to pay for all direct physical loss and/or damage resulting from a hail and/or wind storm occurring on May 8, 2017.

86. Mesa Insurance Company failed to conduct a thorough and timely investigation of Plaintiff's claim in accordance with insurance industry claims handling standards and practices.

87. Among other circumstances, Mesa Insurance Company has committed unfair settlement practices including, without limitation:

    (a) Mesa Insurance Company has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

    (b) Mesa Insurance Company has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    (c) Mesa Insurance Company refuses to pay claims without conducting a reasonable investigation based upon all available information;

    (d) Mesa Insurance Company has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    (e) Mesa Insurance Company has compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

    (f) Mesa Insurance Company has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    (g) Mesa Insurance Company has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

  (h) Mesa Insurance Company encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

88. Mesa Insurance Company's claims representatives, including Jonathan Hale, received incentive-based compensation to close quickly or reduce claim payments.

89. Mesa Insurance Company representatives, including Jonathan Hale, received income-based compensation to reduce claims payments made to Plaintiff on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

90. Mesa Insurance Company improperly denied Plaintiff's claim by providing financial incentives to its personnel, including Jonathan Hale, to determine claims handling.

91. Mesa Insurance Company improperly set various claims handling goals to reduce the amount paid on its claims.

92. Mesa Insurance Company improperly denied Plaintiff's claim to reduce its overall claims payments.

93. Mesa Insurance Company improperly denied Plaintiff's claim to increase its profits.

94. Mesa Insurance Company improperly denied Plaintiff's claim to maintain its loss ratio.

95. Mesa Insurance Company improperly denied Plaintiff's claim to meet its department goals.

96. Mesa Insurance Company's conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Plaintiff.

97. Mesa Insurance Company improperly denied Plaintiff's claim by motivating its claims department to pay less on claims that it otherwise owed.

98. Mesa Insurance Company improperly denied Plaintiff's claim to reduce the average amount paid on its overall claims.

99. Mesa Insurance Company has committed unfair claim settlement practices as alleged in the preceding paragraphs of Plaintiff's Complaint.

100. Mesa Insurance Company's conduct constitutes a bad faith breach of the insurance contract.

101. Mesa Insurance Company has committed previously stated actions with such frequency as to indicate a general business practice.

102. As a direct and proximate result of Mesa Insurance Company's actions, Plaintiff has:

    (a) incurred increased costs to repair, restore and/or replace the significant property damage;
    (b) suffered damages as a proximate result of the misconduct alleged; and
    (c) suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, public adjuster costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Elizabeth D. Budd Revocable Trust, respectfully requests this Court enter judgment against Defendant, Mesa Underwriters Specialty Insurance Company, for damages resulting from bad faith breach of insurance contract, costs, public adjuster fees, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
(Unreasonable Delay and Denial of Payment of Covered Benefits
Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

103. Plaintiff re-alleges and reaffirms Paragraphs 1-102 as though fully set forth herein.

104. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

105. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

106. Plaintiff is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

107. Plaintiff suffered a loss covered by the Policy and submitted a claim for that loss to Mesa Insurance Company.

108. The claimed loss and damage submitted by Plaintiff was covered by the Policy and Plaintiff was owed covered benefits under the Policy.

109. Mesa Insurance Company delayed payment of covered benefits without a reasonable basis for its actions.

110. Mesa Insurance Company denied payment of covered benefits without a reasonable basis for its actions.

111. Among other circumstances, Mesa Insurance Company has unreasonably delayed and denied covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Plaintiff's Complaint.

112. Mesa Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

113. Mesa Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely investigate its insured's loss.

114. Mesa Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by unnecessarily prolonging its investigation of Plaintiff's claim.

115. Mesa Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing Plaintiff with an inadequate settlement offer.

116. Mesa Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by omitting obvious covered damages in an effort to effectuate a deceptively low settlement.

117. Despite clear evidence of covered damages to the Property, Mesa Insurance Company continued to delay and deny indemnification of its own insured without a reasonable basis for doing so.

118. Mesa Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action as demonstrated by its most recent damage estimate in excess of $164,000.00 than its initial estimate.

119. Mesa Insurance Company's actions in the adjustment of Plaintiffs' claim demonstrate an unmistakable complete delay of its insured's benefits without a reasonable basis for its actions.

120. Mesa Insurance Company denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Plaintiff to retain its own professionals to help properly adjust the loss.

121. Despite receipt of Plaintiffs' comprehensive estimate, Mesa Insurance Company denied and delayed payment of covered benefits without a reasonable basis for doing so.

122. Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim to reduce its overall claims payments.

123.    Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim to increase its profits.

124.    Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim to maintain its loss ratio.

125.    Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim to meet its department goals.

126.    Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim by providing financial incentives to its personnel, including Jonathan Hale, to determine its claims handling.

127.    Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim by motivating its claims department to pay less on claims, such as Plaintiff's claim for damages, than what it otherwise owed.

128.    Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim to reduce the average amount paid on its overall claims.

129.    Mesa Insurance Company unreasonably delayed and denied Plaintiff's claim by asserting coverage positions that it knew were without merit.

130.    Mesa Insurance Company's actions were intended to dissuade Plaintiff in pursuing benefits due and owing under the terms of the policy in bad faith.

131.    Based upon the foregoing Paragraphs, Plaintiff is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Elizabeth D. Budd Revocable Trust, respectfully requests this Court enter judgment against Defendant, Mesa Underwriters Specialty Insurance Company, for

damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

132. Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 1st day of June 2018

/s/ Jonathan E. Bukowski
Larry E. Bache, Jr., Esq.
Jonathan E. Bukowski, Esq.
Timothy G. Burchard, II
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:  720-665-9680
Facsimile:   720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com
E-Mail: tburchard@merlinlawgroup.com